IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FLINTLOCK CONSTRUCTION
SERVICES, LLC,

    Plaintiff,

    v.

AMERICAN SAFETY RISK
RETENTION GROUP, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-616-TWT

## ORDER

This is an insurance coverage dispute action. It is before the Court on American Safety Insurance Services, Inc. and American Safety Risk Retention Group, Inc.'s Motion for Summary Judgment [Doc. 77], Well-Come Holdings, LLC's Motion for Summary Judgment [Doc. 83], and Flintlock Construction Services, LLC's Motion for Summary Judgment [Doc. 84]. For the reasons set forth below, American Safety Insurance Services, Inc. and American Safety Risk Retention Group, Inc.'s Motion for Summary Judgment [Doc. 77] is GRANTED, Well-Come Holdings, LLC's Motion for Summary Judgment [Doc. 83] is GRANTED IN PART and DENIED IN PART, and Flintlock Construction Services, LLC's Motion for Summary Judgment [Doc. 84] is DENIED.

I. Background

American Safety Risk Retention Group, Inc. ("American Safety") issued primary policy POL 03-3765-001 and excess/umbrella policy AXS 03-3765-001 (the "Policy"). (Compl., Ex. A & B.) The policy periods extended from January 8, 2003 to January 8, 2004. (Id.) On January 8, 2004, the Policy was extended through January 8, 2005 [See Doc. 83-5; 83-6]. Flintlock Construction Services, Inc. ("Flintlock, Inc.") was listed as the named insured on the Policy.

In March 2004, Well-Come Holdings, LLC ("Well-Come") retained Flintlock LLC to be the general contractor for construction of a property located at 106 Mott Street, New York, New York. (See March 15 Weiss Dep., Ex. 2B.) The contract between Well-Come and Flintlock LLC (the "Construction Contract") provided that:

> To the fullest extent permitted by law, Contractor [Flintlock LLC] will defend, indemnify, and hold harmless Owner [Well-Come] . . . from and against any and all claims, liens, judgments, damages, losses and expenses including reasonable attorney's fees and legal costs, arising in whole or in part and in any manner from the act, failure to act, omission, breach or default by Contractor and/or its officers, directors, agents, employees, Subcontractors and suppliers in connection with the performance of this Contract.

(Id.) The Construction Contract also required Flintlock LLC to provide insurance for itself and Well-Come. (Id.) In 2004, Flintlock LLC provided Well-Come with two certificates of insurance. (See Yeung Dep., Ex. 66 & 67.) The certificates listed

American Safety Indemnity Co. as the general liability insurer for policy number POL001479-001. (See id.)

In 2004, several lawsuits were filed against Flintlock LLC and Well-Come arising from the Mott Street construction project (the "Underlying Actions").[1] In response to the Underlying Actions, Well-Come demanded that Flintlock LLC defend it. (March 15 Weiss Dep., Ex. 4.) Flintlock LLC refused to do so. Well-Come then filed a declaratory judgment action in New York state court, seeking defense and indemnification from American Safety and Flintlock LLC. (Id., Ex. 7.) The action was dismissed without prejudice, with Flintlock LLC agreeing to defend Well-Come in the Underlying Actions. (See id., Ex. 8.) Further, in response to the Underlying Actions, American Safety retained the law firm Rubin, Fiorella & Friedman, LLP (the "Firm") to represent Flintlock LLC. Well-Come contends that American Safety also paid the Firm to represent Well-Come. (March 15 Weiss Dep. 31; Yeung Aff. ¶¶ 9-10 & Ex. A.) American Safety, however, asserts that it never assumed defense of Well-Come. (American Safety's Resp. in Opp'n to Well-Come's Mot. for Summ. J., at 12.)

---

[1] The Underlying Actions are styled Oversea Chinese Mission v. Well-Come Holdings, Inc., et al., Supreme Court of the State of New York, County of New York, Index No. 113480-04; Wing Wong Realty Corp. v. Flintlock Construction Services, LLC, et al., Supreme Court of the State of New York, County of New York, Index No. 05-10132; and Pang/Kuen Realty Company, Inc. v. Well-Come Holdings, Inc., et al., Supreme Court of the State of New York, County of New York, Index No. 108367/05.

On August 7, 2008, American Safety disclaimed coverage for Flintlock LLC, asserting Flintlock, Inc., not Flintlock LLC, was the named insured under the Policy. Flintlock LLC filed this lawsuit against American Safety and American Safety Insurance Services, Inc. ("ASIS"), seeking coverage under four insurance policies [Doc. 1]. The Defendants counterclaimed [Doc. 8]. Well-Come then moved to intervene, filing a Complaint in Intervention against both the Defendants and Flintlock LLC [Doc. 41]. Flintlock LLC and the Defendants both filed counterclaims against Well-Come [Docs. 49 & 51]. On July 27, 2010, Flintlock LLC and the Defendants filed a consent motion seeking to dismiss the original claims and counterclaims [Doc. 53]. Thus, the only claims remaining in this lawsuit involve Well-Come's Complaint in Intervention and Flintlock LLC's and the Defendants' counterclaims. Well-Come, Flintlock LLC, and the Defendants have all moved for summary judgment [See Docs. 77, 83, & 84].

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59

(1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

### III.  <u>Discussion</u>

#### A.  <u>The Defendants' Motion for Summary Judgment</u>

American Safety and ASIS have moved for summary judgment on Well-Come's claims.

##### 1.  <u>ASIS</u>

First, the Defendants contend that ASIS should be dismissed from this action because it did not issue the Policy. Well-Come admits that ASIS is a program manager, not an insurer, and did not issue the Policy. (<u>See</u> Well-Come's Resp. in Opp'n to Defendants' Motion for Summ. J., at 6.) For this reason, Well-Come's claims against ASIS are dismissed.

##### 2.  <u>Policy Period</u>

In its initial brief, the Defendants argue that the loss occurred outside the Policy's stated policy period. Here, the construction work resulting in the loss occurred in July 2004. The Policy, however, was renewed on January 8, 2004 [<u>see</u>

Docs. 83-5 & 83-6]. The renewal extended the policy period until January 8, 2005 [see id.]. Thus, the loss occurred during the policy period.

### 3. Well-Come as Additional Insured

The Defendants claim that Well-Come is not an additional insured under the Policy. Although Well-Come is not a named insured, it argues that it is an additional insured pursuant to two certificates of insurance. (See Yeung Dep., Ex. 66 & 67.) The Policy provides that:

> Any person shown as an Additional Insured on a certificate of insurance issued by us or our authorized representative, or by endorsement to the policy, provided such person is required to be named as an Additional Insured in a written contract with you, shall be entitled to coverage hereunder solely for "claims" or "suits" for "bodily injury" or "property damage" arising solely out of your negligence.

(Compl., Ex. A.) Here, the Defendants authorized Global Indemnity to issue certificates of insurance pertaining to Flintlock LLC. (See Dyer Dep., Ex. 39.) Indeed, Global Indemnity issued two certificates of insurance to Well-Come. (See Yeung Dep., Ex. 66 & 67.) These certificates, however, list American Safety Indemnity Co., not American Safety Risk Retention Group, Inc., as the general liability insurer. (See id.) Also, the certificates list Flintlock LLC, not Flintlock, Inc., as the named insured.[2] Finally, the certificates list policy numbers POL 001479-001

---

[2] As discussed below, Well-Come argues that the Defendants should be estopped from denying coverage based on the contention that Flintlock, Inc., not Flintlock LLC,

and ASX12223-001. (Id.) According to the certificates, the policy period for these policies runs from January 1, 2004 through January 1, 2008. (Id.) The certificates do not mention the Policy at issue here, POL 03-3765-001 or AXS 03-3765-001.

Further, the Policy states that an additional insured is only entitled to coverage "provided such person is required to be named as an Additional Insured in a written contract with [the named insured]." (Compl., Ex. A.) Here, Well-Come is not required to be named as an additional insured in any contract identified by Well-Come.[3] See Certain Underwriters at Lloyd's of London v. American Safety Ins. Servs., Inc., 702 F. Supp. 2d 1169, 1173-74 (C.D. Cal. 2010) (finding that individual was not additional insured where no writing required individual to be named as additional insured). Although the Construction Contract dictates that the contractor will provide insurance for itself and the owner, the Construction Contract does not *require* Well-Come to be named as an additional insured under the Policy. (March 15 Weiss Dep., Ex. 2B.) Thus, Well-Come is not an additional insured under the Policy.

---

is the named insured under the Policy. Even if the Defendants waived this argument, however, waiver and estoppel do not alter or reform the Policy for purposes of determining whether the certificates of insurance make Well-Come an additional insured.

[3]The Defendants note that Flintlock, Inc., not Flintlock LLC, is the named insured on the Policy. Well-Come asserts that American Safety's defense of Flintlock LLC has waived this argument. As discussed below, however, Well-Come is not entitled to make this waiver argument.

Well-Come contends, however, that the Defendants are estopped from arguing that Well-Come is not an additional insured because American Safety defended Flintlock LLC and Well-Come in the Underlying Actions. Indeed, Well-Come has produced a letter from Paul Kovner, an attorney at the Firm retained by American Safety, stating:

> This will confirm our recent telephone conversation in which you [American Safety] indicated that in light of American Safety's assumption of the defense of Well-Come Holdings LLC, it is appropriate for the company to pay this bill.

(Yeung Aff., Ex. A.) Although American Safety claims that it never paid any amounts to defend Well-Come, there is an issue of material fact as to whether American Safety assumed Well-Come's defense in the Underlying Actions.

Even if American Safety defended Well-Come in the Underlying Actions, the Defendants assert that Well-Come cannot rely on waiver or estoppel. In <u>Capitol Indemnity Corp. v. Fraley</u>, 266 Ga. App. 561 (2004), the plaintiff sued for assault and battery after being beaten by the defendant's employee. After waiting two and one-half months to issue a reservation of rights letter, the defendant's insurer denied coverage. The plaintiff argued that the insurer had waived its defenses under the policy. The court, however, held that the plaintiff "lack[ed] standing to assert the defense of waiver or estoppel against [the insurer] for failing to provide a timely notice of reservation of rights." <u>Id.</u> at 563. The court reasoned that "[the insurer's]

right to deny coverage flows only to its insured and [the plaintiff] may not complain about [the insurer's] failure to provide a timely reservation of rights notice." Id.; see also National Union Fire Ins. Co. v. American Motorists Ins. Co., 269 Ga. 768, 769-70 (1998) (finding that party not insured under policy could not assert waiver or estoppel claims against insurer). Here, as discussed above, Well-Come is neither a named insured nor an additional insured under the Policy. Thus, as in Fraley and National Union, Well-Come "may not complain about [American Safety's] failure to provide a timely reservation of rights notice." Fraley, 266 Ga. App. at 563.

Well-Come, however, relies on Jones v. Georgia Casualty & Surety Co., 89 Ga. App. 181 (1953). In Jones, the plaintiff cab driver was sued after being involved in an automobile accident. The plaintiff sued for coverage under a policy insuring against liability for damage caused while operating an automobile for his employer, the named insured. The court noted that the plaintiff, "fell squarely within the definition of the insured as contained in the provisions of the policy." Id. at 183. The defendant insurer, however, denied coverage based on a declaration stating that the named insured was the sole owner of all automobiles covered by the policy. The plaintiff, not the named insured, owned the car involved in the accident. Nevertheless, the insurer defended the plaintiff through a trial. Having provided such extensive

defense, the court found that the insurer was estopped from arguing that the plaintiff was not an insured based on the declaration. Id. at 186.

Unlike Jones, American Safety's defense does not rely on a declaration, representation, or exclusion in the Policy. Further, unlike Jones, Well-Come does not "f[all] squarely within the definition of the insured as contained in the provisions of the policy." Id. at 183. Indeed, as discussed above, Well-Come is neither a named insured nor an additional insured. Thus, Well-Come "lacks standing to assert the defense of waiver or estoppel against [the insurer] for failing to provide a timely notice of reservation of rights." Fraley, 266 Ga. App. at 563. For these reasons, the Defendants' Motion for Summary Judgment is granted.

### B.   Well-Come's Motion for Summary Judgment

Well-Come has moved for Summary Judgment against both the Defendants and Flintlock LLC [Doc. 83].

#### 1.   Well-Come's Claims Against the Defendants

As discussed above, there is no issue of material fact as to Well-Come's status as an additional insured under the Policy. Further, Well-Come lacks standing to assert waiver or estoppel arguments. For these reasons, Well-Come's Motion for Summary Judgment with respect to the Defendants is denied.

#### 2.   Well-Come's Claims Against Flintlock LLC

Well-Come has also moved for summary judgment against Flintlock LLC. Well-Come argues that Flintlock LLC is obligated to defend and indemnify Well-Come. First, Well-Come contends that Flintlock LLC agreed to defend Well-Come pursuant to the Construction Contract. The Construction Contract provides:

> To the fullest extent permitted by law, Contractor [Flintlock LLC] will defend, indemnify, and hold harmless Owner [Well-Come] . . . from and against any and all claims, liens, judgments, damages, losses and expenses including reasonable attorney's fees and legal costs, arising in whole or in part and in any manner from the act, failure to act, omission, breach or default by Contractor and/or its officers, directors, agents, employees, Subcontractors and suppliers in connection with the performance of this Contract.

(March 15 Weiss Dep., Ex. 2B.) Well-Come argues that this provision entitles it to defense and indemnification for all damages arising from Flintlock LLC's negligence. Although Flintlock LLC notes that construction contracts seeking to indemnify a party for its own negligence are void,[4] Flintlock LLC does not dispute that it is obligated to defend and indemnify Well-Come for damages resulting from Flintlock LLC's negligence. See Caballero v. Benjamin Beechwood, LLC, 67 A.D.3d 849, 852 (N.Y. App. 2009) (quoting Giangarra v. Pav-Lak Contr., Inc., 55 A.D.3d 869, 870-71 (N.Y. App. 2008)) ("Although 'an indemnification agreement that purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such

---

[4]The contracts at issue in this case were made in New York. For this reason, the parties agree that New York law governs the contracts.

an agreement does not violate the General Obligations Law if it authorizes indemnification to the fullest extent permitted by law.'"). Thus, Flintlock LLC is obligated to defend and indemnify Well-Come for damages resulting from Flintlock LLC's negligence.

Next, Well-Come argues that Flintlock LLC agreed to defend and indemnify it under a stipulation terminating the New York declaratory judgment action. (See March 15 Weiss Dep., Ex. 2B.) In January 2006, Well-Come filed a declaratory judgment action against Flintlock LLC and an American Safety entity seeking defense and indemnification. (See id., Ex. 7.) Well-Come agreed to dismiss this action without prejudice pursuant to a stipulation. The stipulation provided that "Flintlock Construction Services LLC ('Flintlock') agrees to defend and indemnify plaintiff Well-Come Holdings LLC ('Well-Come') in the [Underlying Actions]." (Id.) Well-Come claims this provision entitles it to defense and indemnification for *all* damages in the Underlying Actions, including those caused by its own negligence.

Flintlock LLC argues that under New York law, a party to a construction contract may not seek indemnification for its own negligence. See N.Y. GEN. OBLIG. LAW § 5-322.1. The statute provides that:

> A covenant, promise, agreement or understanding in, or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building, . . . purporting to indemnify or hold harmless the promisee against liability for damage

> arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promisee . . . is against public policy and is void and unenforceable.

Id. Here, however, the indemnification agreement was not part of or collateral to a construction contract. Rather, the stipulation ended a declaratory judgment action contesting insurance coverage. Indeed, the construction project giving rise to the Underlying Actions had already been completed. Flintlock LLC agreed to defend and indemnify Well-Come with full knowledge of the Underlying Actions. Thus, § 5-322.1 does not apply.

Next, Flintlock LLC asserts that Andrew Weiss, Flintlock LLC's chief executive, did not see the stipulation agreement until it was signed. (See Flintlock LLC's Resp. to Well-Come's Mot. for Summ. J., at 5.) The stipulation, however, was signed on behalf of Flintlock LLC by its lawyer, Paul Kovner. Flintlock LLC does not argue that Kovner was unauthorized to sign the stipulation on its behalf.

Finally, Flintlock LLC argues that the stipulation agreement is subject to rescission based on a mistake of fact. (See Flintlock LLC's Resp. in Opp'n to Well-Come's Mot. for Summ. J., at 5.) Although it is unclear whether Flintlock LLC alleges a mutual or unilateral mistake of fact, the Court will address both theories. "A contract may be rescinded on the grounds of a unilateral mistake of fact only where the enforcement of the contract would be unconscionable, the mistake is material and

made despite the exercise of ordinary care by the party in error, the innocent party had no knowledge of the error and it is possible to place the parties in status quo." First Regional Sec., Inc. v. Villella, 377 N.Y.S.2d 424, 426 (N.Y. Civ. Ct. 1975). Further, "[e]quity will relieve against a mutual mistake of fact provided it is material and concerns an existing fact." Dimou v. Cusanelli, 330 N.Y.S.2d 484, 491 (N.Y. Civ. Ct. 1972). Here, Flintlock LLC notes that in the declaratory judgment action, American Safety admitted that the Policy covered Flintlock LLC. Thus, Flintlock LLC contends, "there would have been no downside to [Flintlock LLC] undertaking to provide defense or indemnity to Well-Come because the insurance ostensibly protected both it and Well-Come." (Flintlock LLC's Resp. in Opp'n to Well-Come's Mot. for Summ. J., at 6.)

Flintlock LLC, however, has not shown a mutual or unilateral mistake of *existing* fact. Flintlock LLC claims that it incorrectly assumed American Safety would indemnify it. At the time the stipulation was signed, however, this assumption was correct. Indeed, American Safety defended Flintlock LLC until January 2008. The assumption that American Safety would not deny coverage was a mistake as to a future fact. See Dominicis v. United States Cas. Co., 116 N.Y.S. 975, 977 (N.Y. App. Div. 1909) (noting that mistake of fact defense limited to mistakes of existing fact). Thus, although American Safety later denied coverage, Flintlock LLC was not

influenced by a mistake of existing fact at the time it signed the stipulation. For these reasons, there is no issue of material fact as to whether Flintlock LLC is obligated to defend and indemnify Well-Come pursuant to the stipulation.

### C. Flintlock LLC's Motion for Summary Judgment

Flintlock LLC has moved for summary judgment on Well-Come's claims for defense and indemnification. For the reasons set forth above, Flintlock LLC's Motion for Summary Judgment [Doc. 84] is denied.

### IV. Conclusion

For the reasons set forth above, American Safety Insurance Services, Inc. and American Safety Risk Retention Group, Inc.'s Motion for Summary Judgment [Doc. 77] is GRANTED, Well-Come Holdings, LLC's Motion for Summary Judgment [Doc. 83] is GRANTED IN PART and DENIED IN PART, and Flintlock Construction Services, LLC's Motion for Summary Judgment [Doc. 84] is DENIED.

SO ORDERED, this 12 day of May, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge